Thank you, Your Honor. Once again, I'm going to start off by addressing the procedural default issue, but I promise you this is not just going to be a redo of what I said in the previous argument. And the reason is that the more I've thought about this issue, the more I think that this is really kind of a non-issue in this case. Basically, the government is arguing that Mr. Lofton defaulted an issue that he never attempted to raise. In Mr. Lofton's initial petition and in his initial supporting brief, he never made any independent argument that his 1988 conviction for delivery of cannabis was a serious drug offense. Frankly, it never occurred to Mr. Lofton that anybody would consider that that was a serious drug offense. I think it's interesting to note that the government has never argued that this is a serious drug offense. And that's because the government, as we have, has read the statute. The statute that was available and undoubtedly would have been read by everyone concerned with Mr. Lofton's initial sentencing. Anybody taking even a cursory look at the Illinois controlled substance statute would have seen that that crime was punishable by a maximum of three years in prison. Therefore, it could not possibly qualify as a serious drug offense because it was not punishable by 10 years or more in prison. I think everyone involved in that case would have known that. And that's why it just wasn't an issue. It just wasn't even brought up. It just never occurred to anyone that this could be considered a serious drug offense. We only addressed the issue for the first time in our reply brief at the district court level because the government brought it up as kind of an argument concerning whether or not Lofton was prejudiced by the Johnson violations that we were alleging. Now, if it is a proper thing for the government to bring up, if it is a proper argument, our position is that the government waive this argument by not raising it at the district court level. At the district court level, the government was trying to say that we had conceded this issue. And in fairness to the government, there was a phrase in our initial brief that was perhaps not as artfully worded as it should have been. We should have said that the pre-sentence report listed this offense as an Armed Career Criminal Act predicate. But there was never anything in the record that showed that the court ever relied upon it as an Armed Career Criminal Act predicate. This is not an appropriate case for the court to raise this issue sua sponte, as has been done in some other cases, because it's obvious that the government made an election at the time of the original briefing in this case to raise this as a concession issue rather than a procedural default issue. And the Oslin case that we've cited in our briefs, I think, indicates perhaps why the government didn't do that. And that's because at the time, there was a Department of Justice policy that basically said if you think a defendant has an otherwise potentially meritorious claim, the government should waive procedural default arguments. Now, I can't read into the government's mind why they raised a particular argument as opposed to another one, but I submit that that policy was out there at the time. I think we can safely assume that that policy has changed since then. I'd like to turn to, I think, the central issue in this case, which is whether or not Illinois aggravated criminal sexual abuse is a violent felony under the Force Clause. Here again, this is not a case where I think it makes a great deal of difference whether we apply the categorical or the modified categorical approach, because I think the parties are essentially in agreement as to which alternative of the statute the defendant was convicted of. He was convicted under an Illinois statute that requires, in order to of age or older, that the perpetrator engaged in an act of sexual conduct and that the victim was under 13 years of age. Now, sexual conduct is defined under Illinois law fairly broadly. It includes any intentional or knowing, touching, or fondling by the victim or the accused, either direct or through clothing, of the sex organs, anus, breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer of semen by the accused, and all of the foregoing have to be done for the purpose of sexual abuse. Penetration is not required. The Colton case cited in the brief states that for purposes of this statute, penetration is irrelevant. The Terrell case also cited in the brief mentions that penetration is not required under the aggravated criminal sexual abuse statute, although it is required under the aggravated criminal sexual assault statute. And in Lofton's own case, the court rejected his conviction for aggravated criminal sexual assault because the evidence was only that he placed his finger on the vagina of the victim. There was no evidence, and they said that is not sufficient to constitute penetration. That's why his convictions were reversed on appeal and remanded, and that's why he then was able to enter a lesser charge of aggravated criminal sexual abuse. This offense, because of the way it is defined under Illinois law, can be committed without the requisite degree of physical force against the person of another that is required under the first Johnson decision. And that requires violent force capable of causing physical pain or injury to another person. So I think it's obvious from the definition of criminal sexual conduct that many acts can occur under that statute which do not require that type of violent force. Now, Mr. Lofton's own case, and I think other cases mentioned in the brief, establish a realistic probability that people can be and are convicted of offenses involving less than violent force. If you look at the Terrell case, it talks about that it's possible for touching to occur accidentally or unintentionally. In People v. Nibio, the defendant was prosecuted because there was contact between the back of his victim and the defendant's sexual organs. There is, I want to point out, a substantial circuit split on this question of whether defendants should have to make this reasonable probability showing in the first place. The first, third, sixth, ninth, tenth, and eleventh circuits all align in accordance with the in taking a contrary position. I think that the Eighth Circuit's decision in Libby is inconsistent with Taylor in that it places, Taylor, the 1990 Taylor case, in that it places undue emphasis on facts rather than text. I think it's also inconsistent with fundamental rules of statutory interpretation, such as starting off with the plain meaning of the defendant against finding language in a statute to be surplusage. I think all you have to do here is look at the statute. The statute clearly reaches conduct that does not require the use or threatened use of violent force because the statute says so. Thank you. We'll hear from the government. Mr. Cronk, good morning. Good morning. May it please the Court, Mr. Whelan. We're asking the Court to affirm Judge Jarvie's, Chief Judge Jarvie's decision to deny the Whelan didn't argue that the two aggravated battery convictions that he was convicted of on two separate occasions are not crimes of violence or violent felonies under the Armed Career Criminal Act. He makes that argument in his brief, and he made that argument in the 2255. But as the Court, if it's, is aware, the Seventh Circuit has made quite clear after numerous reviews of this aggravated battery statute, that it's a divisible statute and under the prong that requires causing bodily injury, it clearly establishes a crime of violence or a violent felony under the Armed Career Criminal Act. And we're standing on that line of decisions by the Seventh Circuit. Obviously, they have a little bit more experience with it since it's their home territory, but also because they've articulated quite clearly why it's divisible and that intentionally causing great bodily injury, which is what Mr. Loftin did in his two prior aggravated battery convictions by kicking and striking the victims, it's clear that he has these two prior violent felonies. So the other way, the only other way then that the Court can affirm this denial of the 2255 is to first determine that Mr. Loftin has no procedural vehicle to attack the underlying drug felony, that he didn't attack in front of the district court when it was listed in the pre-sentence report as a qualifier. He didn't attack his sentence or his determination as an armed career criminal before the Eighth Circuit on direct appeal. He didn't raise it in his 2255 as a grounds for not counting it. Mr. Whalen's absolutely right. It isn't a qualifier and I'm not going to stand here and say that it is, but I am going to stand on the government's right to rely on something that Mr. Loftin never raised, ever. And Johnson doesn't resurrect that procedurally. Johnson doesn't affect drug felonies at all. And so he can't raise it now because there's no basis to raise it. And so the Court could affirm simply by acknowledging that Mr. Loftin never raised that and... You say that the government is ought to be allowed to rely on that. There's no, I don't see a reliance in the sense of prejudice. What's the prejudice when the issue was obvious? Well, it wasn't obvious because it wasn't raised, litigated, or discussed. Once it's raised, it's obvious. Isn't that right? You're just concealing it. It is now, yes. Yeah, so what's the prejudice? To the government? Yeah. Well... Where's the reliance? Reliance is a word that's usually associated with prejudice, right? How did you change your position? What is it that, how does this harm you to allow, it was raised and now it's before us. Where's the harm to the government? I understand your argument and, or your point. The harm to the government is that I'm standing here spending time with the Court, that we don't have finality with respect to those determinations. There were numerous... I won't argue with you on that. But anyway, I appreciate your answer. Thank you. Thank you. So, the other way, of course, is the more nuanced argument that I make, which is that aggravated criminal sexual abuse of a minor, in this case a five-year-old, is a violent felony. And I'm not going to stand here and argue with Mr. Whalen about whether or not is painful or is so violent that it falls under Johnson. I'm saying we have a different class of victims here. And the Supreme Court, when it was looking at Johnson and aggravated assault type cases, it was saying offensive touching doesn't qualify as physical force. But offensive touching in the context of domestic violence, which also involved physical force, does qualify. The Johnson-Utis said isn't retroactive. The Johnson case you just referred to on force is not retroactive, right? Yes, that's right. That's Johnson 1. Yeah. Johnson, Johnson, not the residual clause Johnson, right? Correct. And aren't you, aren't we really talking about applying it retroactively? Well, I understood that under Johnson 2 and Welch that we would apply it retroactively. And perhaps I'm wrong about that. And if I missed that. Well, you haven't, you haven't mentioned Walker. Isn't that the point of Walker? Because Walker says three or four times you go by the law at the time of sentencing. And that would be great for the government in this case. You didn't raise Walker. I should have. Either of these cases from, I noticed from your district, unlike other districts, it's just not being raised. And it should have been. That's quite clear. And I would ask perhaps, you know, I wish I could recite Walker to you right now because I can't. But my point is, I appreciate the procedural argument there that we're not going to go back and relitigate whether or not it was the law at the time of sentencing. Because clearly at the time of sentencing, aggravated criminal sexual abuse was a crime of violence under the Armed Career Criminal Act. If I'm bound by Johnson 2 and the idea that we have to have violent force when we sexually abuse a child, then I don't think I can win that argument. But if we can look at it contextually and understand that when we apply violent force to a child, it's not the same kind of requirement. It doesn't require that you hurt a child. If you have a child perform oral sex, a small girl on a man, that's not going to cause pain. That's not going to cause a physical injury. Or it could, but it doesn't necessarily. Or in this case, Mr. Loftin touching the vagina of a six-year-old or five-year-old child. There was no allegation that she was, quote, hurt or crying in pain. But I'm saying, contextually, it's abuse, it's force, it's physical force. And your closest case on that point or cases, we would say, are what? Almost any case that involves molestation of a child. And any Illinois cases on point? Well, I don't think there have been any cases that address this in the federal context. But there are many, many cases that don't require pain as it relates to sexually abusing a child. If there are no other questions, I'll yield the rest of my time. We thank you for your argument. Thank you. I think the short answer to why Mr. Loftin did not attack the use of any of his priors at his original sentencing was because it was crystal clear at the time that his aggravated assaults and his aggravated criminal sexual abuse convictions would have fallen within the ambit of the residual clause. Now, Walker says that's a question of fact for the district court, right? You know, I'm not sure exactly what Walker says off the top of my head. I'm quoting it to you. Okay. Go ahead. And if Walker is saying that you have to apply the law at the time that was in existence at the time of sentencing, then I think that's inconsistent with Supreme Court precedents that say just the opposite. And I also think that there is a split among the circuits on that issue. And again, if this court would like us to address Walker in the context of this case, we would be more than happy to submit supplemental briefing on it. Very well. Thank you, Your Honor. Thank you for your argument on behalf of your client. The case is now submitted. Take it under consideration. Madam Clerk, does that complete our argument for this calendar this morning? It does, Your Honor. The court will stand in recess, subject to call.